IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOYCE LYNN REIME,

Plaintiff,

v.

MEDFORD POLICE DEPARTMENT, and ETHAN BORROU,

Defendants.

Case No. 1:25-cv-01572-CL

**OPINION AND ORDER**

---

**CLARKE**, Magistrate Judge.

Plaintiff Joyce Lynn Reime, a self-represented litigant, brings this cause of action against the Medford Police Department and Medford police officer Ethan Borrou. The case now comes before the Court on a Motion to Dismiss (#8), filed by all defendants. Plaintiff has also filed a Motion to Compel (#12). The Court has determined that this case is appropriate for determination without oral argument.

For the reasons below, the defendants' Motion (#8) is GRANTED. Plaintiffs' Complaint (#1) is DISMISSED, without prejudice, and with leave to file a First Amended Complaint within sixty days. Plaintiff's Motion to Compel (#12) is denied, with leave to refile if she is able to state a cognizable claim for relief.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.* Dismissal for failure to state a claim is proper "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (internal citation omitted).

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

## DISCUSSION

### I. Factual Allegations

Plaintiff's Complaint (#1) alleges only a very few facts. First, she alleges that both defendants "have prior knowledge of Plaintiff's ADA status." Then, she alleges that, on August 7, 2025, at 7:21pm, "Plaintiff was assaulted by another individual." Officer Borrou was

dispatched to the scene, and "911 advised [Borrou] of Plaintiff's prior brain injury and listed Priority 1 response due to new head injuries. 911 also described Plaintiff has having severe CPTSD due to her face being crushed."

Officer Borrou contacted Plaintiff while she was seated on the street curb "due to vertigo." Plaintiff claims that Borrou "ignored Plaintiff's medical needs as described by 911," and "did not render first aid." She alleges that Borrou "did not consider Plaintiff's ADA status in regards to EMS response, 911's priority 1 response status or his investigation of assault complaint." Plaintiff claims that, "When EMS asked if the scene was clear for response, [Borrou] cancelled EMS[,] depriving Plaintiff of medical assistance." Plaintiff claims that she determined Borrou "was not going to provide assistance," so she "walked off, still experiencing vertigo." She asserts that Borrou "allowed Plaintiff to depart without providing EMS."

In the section of her Complaint discussing her injuries, Plaintiff claims that she was taken to the ER and evaluated for a variety of injuries, including knots on the back of her head, and skin abrasions on her mouth, arm, hip and leg. She does not allege that Borrou caused these injuries, merely that he did not provide her with medical care or assistance. Plaintiff does not allege that she was admitted to the hospital for treatment, but instead she states that was discharged for outpatient care for a concussion.

Plaintiff asserts a claim under 42 U.S.C. § 1983. Her prayer for relief includes mandatory ADA training for Medford Police Department personnel. Plaintiff further requests punitive damages in the amount of $2,500,000.

## II. Defendants' Motion to Dismiss should be GRANTED and the case should be dismissed without prejudice and with leave to amend.

The defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6). For the reasons below, the motion is granted.

In her Complaint, Plaintiff essentially alleges that Officer Borrou did not offer her adequate medical or EMS services when he responded to the scene after getting dispatched via a 911 call. She claims that this was a violation of her rights under section 1983 and the ADA.

To establish a § 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived her of a right, privilege, or immunity protected by the United States Constitution or federal law. *Levine v. City of Alameda*, 525 F3d 903, 905 (9th Cir 2008). There is no constitutional or federal law guaranteeing adequate medical care from a police officer because "the general rule is that a state is not liable for its omissions." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). The Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). However, a state's "omission or failure to protect" may violate the Fourteenth Amendment if one of two exceptions apply. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011). The two exceptions are: (1) when a "special relationship" exists between the plaintiff and the state (the special-relationship exception), *DeShaney*, 489 U.S. at 198–202; and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the state-created danger exception), *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir.1996).

The special relationship exception applies when a state takes a person into custody and holds him there against his will. This exception clearly does not apply in this case, as Plaintiff does not allege she was arrested or taken into custody.

The state-created danger exception applies only where there is "affirmative conduct on the part of the state in placing the plaintiff in danger," and the state acts with "deliberate

indifference" to a "known or obvious danger." *Patel*, 648 F.3d at 974 (internal quotations omitted). Here, there is no allegation that Officer Borrou took any affirmative action that placed Plaintiff in more danger than she was already in. She alleges one affirmative act: "he cancelled EMS, depriving Plaintiff of medical assistance." But Plaintiff alleges that she was able to "walk off" on her own, and that she made it to the ER via some other means. On the face of the Complaint, Plaintiff was not prevented from accessing medical care due to Officer Borrou's actions. Thus, she has failed to state a claim against either defendant for a violation of her civil rights under section 1983.

The Americans with Disabilities Act (ADA) states a claim for relief that is separate from a claim brought under section 1983. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 608- 10 (2015).[1] Plaintiff must show: (1) she is a "qualified individual with a disability"; (2) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

Here, Plaintiff does not allege any facts to show that she was discriminated against "by reason of her disability." As the defendants point out – she actually alleges that her disability

[1] There is no significant difference in the analysis of rights and obligations under the ADA and the Rehabilitation Act, and they may be interpreted and applied together. *McGary v. City of Portland*, 386 F.3d 1259, 1265 n. 7 (9th Cir. 2004); *Duvall*, 260 F.3d at 1136.

was ignored. This fails to state a claim for a violation of the ADA. Similarly, as with the 1983 claim, allegations of inadequate medical care fail to state a claim for disability discrimination under the ADA.

Moreover, Plaintiff alleges that she was able to walk away, and able to access medical care. Therefore, on the face of her Complaint, she did not suffer any injury that was caused by her interaction with Officer Borrou, apart from the injuries that were pre-existing at the time of their encounter. Plaintiff has thus failed to state a claim for which the Court can grant relief.

**ORDER**

Defendants' Motion to Dismiss (#8) is GRANTED. It appears unlikely that any amendment by Plaintiff can cure the deficiencies of her Complaint. However, Plaintiff requested the opportunity to amend her Complaint in the event that the Court found her allegations insufficient. Therefore, in an abundance of caution, Plaintiff's Complaint is dismissed without prejudice and with leave to file a First Amended Complaint within the next 60 days.

Plaintiff's Motion to Compel (#12) is denied, with leave to refile if she is able to state a claim for relief. No discovery shall take place until an operative complaint is filed.

**It is so ORDERED and DATED this 29 day of December, 2025.**

MARK D. CLARKE
United States Magistrate Judge